**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-1709**

─────────────

NOLVIA KARINA MEZA,

　　　　　Petitioner,

　　v.

TODD BLANCHE, Acting Attorney General,

　　　　　Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────────

Submitted:  April 28, 2026　　　　　　　　　　Decided:  April 30, 2026

─────────────

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Janeen Hicks-Pierre, PIERRE LAW PLLC, Charlotte, North Carolina, for Petitioner.  Brett A. Shumate, Assistant Attorney General, Shelley R. Goad, Assistant Director, Lisa Morinelli, Senior Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nolvia Karina Meza, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's denial of Meza's applications for asylum and withholding of removal.[*] We deny the petition for review.

Meza first challenges the immigration judge's adverse credibility finding, which the Board affirmed on clear error review. We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Illunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

We have reviewed this issue in light of the administrative record, including the transcript of Meza's merits hearing and the supporting evidence, and the relevant legal authorities. Despite Meza's argument to the contrary, we conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), including the adverse credibility finding, and that substantial evidence supports the denial of relief, *see I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *see also Illunga*, 777 F.3d at 207 (explaining that "omissions, inconsistent statements,

---

[*] Meza does not challenge the denial of her request for protection under the Convention Against Torture (CAT). Accordingly, this issue is waived. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief in the opening brief waives the issue).

2

contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)).

Meza also challenges the immigration judge's finding that she did not submit sufficient corroborating evidence to rehabilitate her incredible testimony or independently establish her claim and the finding that she did not establish the requisite nexus to a protected ground. Upon review, we agree with the Attorney General that these issues were not administratively exhausted because Meza did not raise them on appeal to the Board, *see* 8 U.S.C. § 1252(d)(1), and thus they are not properly before us for review, *see Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (observing that, although § 1252(d)(1) is not jurisdictional, it "remains a mandatory claim-processing rule"). Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3